## Armbright v. Dimeo et al.

*Frey & Campbell,* for plaintiff.
*Robert C. Duffy,* for defendant.
*Norman P. Harvey,* for additional defendant.

WINNET, J., September 22, 1942.—Frank Blum, the additional defendant, asks that the service and the return of the order joining him be set aside. On July 29, 1942, the court allowed the petition to join the additional defendant. On August 4, 1942, service was made on the additional defendant. On September 4, 1942, a conditional appearance was entered for him and a petition filed to set aside the service and the order of joinder.

The additional defendant alleges that the copy of the petition and order which was served on him by the sheriff was not certified by the prothonotary or clerk, as required by Pa. R. C. P. 2255,[1] and was, therefore, void and the court acquired no jurisdiction of him. Defendant Mariano Dimeo admits that the copy of the petition and order did not contain the certificates as required by the rule, but urges that such omission was one of form only and of which advantage could be taken only by a motion to dismiss filed within 20 days after the service of the petition and order upon the additional defendant.

The requirement of certification by Rule 2255 is mandatory. It is a guaranty of accuracy which is essential and necessary for papers served by the sheriff. The effect of the failure to contain a certificate gave any

---

[1] "Rule 2255. Time Within Which Process to be Served.

"The service of a copy of the petition and order, certified by the Prothonotary or Clerk, and of copies of all other pleadings theretofore filed in the action shall be made upon the additional defendant within thirty days after the date of the order; otherwise the order shall be void, unless the time is extended or the order reinstated by the court on motion of the petitioner. Any such motion to extend or reinstate must be made within the sixty-day period prescribed by Rule 2253."

party, under Pa. R. C. P. 2256,[2] the right to come in within 20 days and ask that the order of joinder be dismissed.

The petition to set aside the service, which for sake of this argument we will consider as a motion to dismiss, was not filed until 30 days after the service. The requirements of any of the Rules of Civil Procedure should not be disregarded. Their purpose is to bring definiteness and certainty into the practice. The attack of the additional defendant was, therefore, too late and must be disregarded unless the failure to comply with Rule 2255 by the omission of the certificate be regarded as one which gave the court no jurisdiction.

The failure to certify the copy of the petition and order was not such a defect as to deprive the court of jurisdiction. It may be that formerly a defect in the process of the court, such as failure to authenticate a writ by a seal, would make the whole process void. The additional defendant has cited Benjamin v. Armstrong et al., 2 S. & R. 392, In re Road in Lower Towamensing Township, 10 Dist. R. 581, and Buehler v. Paxson et al., 33 D. & C. 583. In the last two cases the failure to attach the seal of the court to the writ was held to void the process. By analogy the additional defendant argues the failure of the petition and order to contain the certificate of the prothonotary should void these proceedings.

---

[2] "Rule 2256. Attacks as to Form, Substance and Jurisdiction.

"(a) Any defect of form or substance in either the petition or order may be attacked only by a motion to dismiss as to the additional defendant. The motion shall set forth specifically all objections to the form and substance of the petition or order, but shall not set forth objections to jurisdiction of the court over the person or subject matter of the action. Objections to jurisdiction may be asserted only in the manner provided by law or rule of court.

"(b) The motion to dismiss shall be filed within twenty days after the service of the petition and order upon the additional defendant. A copy of the motion to dismiss shall be served upon all other parties of record within five days after the filing of the motion."

We can give no such force to this defect. The authorities on which the additional defendant relies rest on the statutes which required the affixing of a seal to the writs.[3] The seal gave the writ authenticity. The authenticity or validity of the petition and order was the signature of the court when the order was entered. The failure to certify was a defect which could be taken advantage of only by motion to dismiss filed within 20 days after the service of the petition and order. The jurisdiction of the additional defendant was acquired when the sheriff served upon him the copy of the petition and order within the specified time of Rule 2255. The lack of a certificate could not affect jurisdiction. We are constrained to make this construction particularly by Pa. R. C. P. 126:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Certainly no substantial right of the additional defendant has been affected by the omission of the certificate. The rules provide a way for him to take advantage of this defect, and this he failed to take.

The rule of the additional defendant is discharged.

---

[3] Act of June 16, 1836, P. L. 784, sec. 8; Act of April 14, 1834, P. L. 333, sec. 44.